### J. DIXON CUNNINGHAM v. THE STATE.

1. The indictment charges that the defendant procured from one B. a large sum of money, to wit, $1,800, by falsely pretending that he had, as her attorney, commenced a suit for her and expended that sum in its prosecution. *Held*, that it was competent to show on the part of the state that the defendant had procured several sums, at different times, under this false pretence, and that it was not necessary to prove that he had obtained as much as $1,800.

2. A party cannot avail himself of an objection to an incompetent question unless he makes his objection before the question is answered. He cannot take the chance of testimony making in his favor and object if it happens to be adverse.

3. The defendant was not entitled to set up in his defence that B. knew the suit she employed him to prosecute was for a fictitious claim. The distinction is between suits *inter partes* and indictments for breach of criminal law. In the former case, both parties participating in the illegal act, neither can ask the aid of the court. In the latter case public justice alone is concerned, and one party cannot excuse his criminal conduct because the other is equally guilty with him.

On error to the Middlesex Quarter Sessions.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff in error, *Alan H. Strong*.

For the state, *John S. Voorhees*, prosecutor of the pleas.

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff in error, who is an attorney-at-law, was convicted in the Middlesex Quarter Sessions of obtaining money from one Ellen Burke by falsely pretending that he had instituted and was conducting a suit in her behalf in which he would recover for her a large amount. He obtained the money from her in various sums, from time to time, by pretending that they were necessary in the prosecution of the suit.

The indictment charges, in substance, as follows:

"That the defendant, being    *    *    *    an attorney-at-law,    *    *    *    did falsely pretend to one Ellen Burke,    *    *    *    knowing such pretences to be false,    *    *    *    that he had instituted an action at law, wherein said Ellen Burke was plaintiff,    *    *    *    for the recovery of a large sum of money,    *    *    *    and that in the institution and prosecution of such suit it was necessary for him to expend, and he    *    *    *    had expended, certain large sums of

money, to wit, the sum of eighteen hundred dollars, for court costs, traveling and other expenses, by means of which false pretences he   *   *   *   obtained from the said Ellen Burke certain moneys   *   *   *   with intent, &c.,   *   *   * whereas in truth and in fact he had not instituted such suit,   *   *   *   and it was not necessary for him to expend said sum of eighteen hundred dollars," &c.

The first error relied upon is that the state was allowed to prove that the defendant obtained various sums of money between June 10th and August 24th, 1895, aggregating over $1,200. The insistment on the part of the defendant is that each time he obtained a sum of money he committed a distinct offence, and that therefore, under this indictment, the state could legally prove but one payment to him by Mrs. Burke.

The obvious answer is that each act of obtaining money was but a part of the prosecution of the defendant's criminal purpose of obtaining money from the prosecutrix by the false pretence that he had instituted and was carrying on a suit in her behalf.

All the testimony produced on the part of the state tended to show that the money was procured from her on the false pretence that it was necessary to the successful prosecution of that suit.

The false pretence charged in the indictment is that the defendant told Mrs. Burke that he had instituted a suit in her behalf in which it was necessary to expend a large sum of money. That pretence was not only proven by the state, but admitted by the defendant to be utterly false. The whole conduct of the defendant showing that this pretence was falsely made for the criminal purpose of obtaining money from Mrs. Burke was pertinent to the issue.

Nor was it necessary to prove that the defendant pretended that he had expended the precise sum of $1,800, and that he obtained that precise sum from Mrs. Burke. The allegation in the indictment as to the sum is not specific and definite in either case; it is laid with a *videlicet* and the crime is charged with equal certainty whether the sum is $100 or $1,800.

In *People* v. *Herrick*, 13 *Wend.* 87, it was held that it was not necessary to prove the amount represented to be the identical sum stated in the indictment. It is true that in that case the indictment contained an averment that the defendant had not in the hands of one J. W. S., the sum named in the indictment, nor any other sum of money belonging to the defendant. If it is necessary to prove the precise sum specified, the negative averment as to any other sum could not cure the failure to make such proof.

The defendant further assigns for error that the trial court permitted a question to be asked and answered by one Hickey, and also by one Annie Diebold, which was not competent and admissible.

In both instances the objection on the part of the defendant was interposed after the question had been answered, and therefore, even if the testimony had been incompetent, the defendant could not, on writ of error, avail himself of the objection. "The rule is established that counsel cannot take the chance of testimony making in his favor, and if it happens to be adverse, then interpose his objection." *Clark* v. *State*, 18 *Vroom* 556.

It is also alleged that there was error in the refusal of the court to charge that "if the money was advanced for the purpose of prosecuting a claim which Mrs. Burke then knew or believed to be fictitious, the transaction was contrary to public policy, and not within the statute, hence the defendant must be acquitted."

The case of *McCord* v. *People*, 46 *N. Y.* 470, gives support to this contention on the part of the defendant, but I think the New York court failed to observe the distinction which exists between suits *inter partes*, and an indictment for breach of the criminal law. In the former case both parties participate in the illegal act, and neither is entitled to the aid of the court. In the latter case public justice alone is concerned, and so far as the public is interested, one party cannot excuse or defend his criminal conduct because the other is equally guilty with him.

That is the view taken by the Massachusetts Supreme Court in *Commonwealth* v. *Morrill,* 8 *Cush.* 571, and in my opinion it is a correct exposition of the law.

A common instance of its application is where two persons agree to engage in a fight, and in pursuance thereof commit a breach of the peace; both parties may be convicted of criminal assault.

The judgment below should be affirmed.