[Crim. No. 750.   Department Two. — November 18, 1901.]

## THE PEOPLE, Respondent, v. M. W. WESTLAKE, Appellant.

CRIMINAL LAW — MURDER — EVIDENCE — SHIRTS AND CUFFS OF DECEASED — LAUNDRY-MARK — IDENTIFICATION. — Upon the trial of a defendant accused of murder, shirts and cuffs, found in a valise of the deceased in the possession of the defendant, were sufficiently identified to be received in evidence, where it appeared that other articles of the deceased were found in the valise, that one of the cuffs bore his initials, and that the laundry-mark upon the shirts corresponded with the laundry-mark upon a package containing the cuffs and shirts, which was entered in the books of the laundry.

ID. — QUESTIONS FOR JURY — INSTRUCTIONS — PRESUMPTION. — The questions whether the evidence was sufficient to prove the fact that the deceased owned the shirts, or whether the circumstance was an indication of guilt, were for the jury to determine, under proper instructions of the court. The instructions will be presumed proper, where no objections were made to them.

ID. — DISCRETION OF COURT — OBJECTS COGNIZABLE BY THE SENSES — DISCRETION NOT ABUSED — CONNECTION OF ACCUSED WITH OBJECTS. — Under section 1954 of the Code of Civil Procedure, the admission of objects cognizable by the senses, and of the proof thereof, in a proper case, must be regulated by the sound discretion of the court. Its discretion was not abused by the admission, after proper preliminary proof, of the shirts and cuffs of the deceased which were found in his valise, with other articles belonging to him, in the possession of the defendant, being thus directly traceable to the accused.

ID. — REFRESHMENT OF MEMORY OF WITNESS — LAUNDRY-MARK — ENTRIES IN LAUNDRY BOOK — COUNTING OF PIECES BY ANOTHER. — A witness who personally made the entries in the laundry book at the time when the laundry of the deceased was received at the laundry, may refresh his memory thereby; and the fact that some one else

counted the pieces in the presence of the witness is immaterial, where the only question is as to the identity of the laundry-mark entered upon the book with that upon the shirts found in the valise of the deceased, and the laundry-mark was not received by hearsay.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.  R. C. Rust, Judge presiding.

The facts are stated in the opinion.

Clarken & Moynahan, and John C. March, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—Defendant was convicted of murder, and appeals from the judgment and order denying his motion for a new trial.

It is claimed that the court erred in admitting in evidence two shirts and two pairs of cuffs under defendant's objection, for the reason that they were not sufficiently identified as the property of deceased.  When defendant was arrested at Reno, the officer found in his room at the Clarendon Hotel, among other articles, a valise containing the shirts and cuffs, a suit of underclothes, some photographs and collars.  One of the cuffs was marked with the initials " R. R. W.," being the initials of deceased, whose name was R. R. Watts.  The valise and some other articles found in the room were admitted in evidence without objection.

The witness Watts stated that deceased had, during the month of January, 1899, delivered some washing to the Union Laundry, and that the said washing was returned in February.

The witness Odell testified that he was the wagon-driver for the Union Laundry, and that he remembered receiving laundry from deceased, which was returned about a month after it was received; that the laundry was marked; that it was the only time deceased had any washing in the Union Laundry, to the knowledge of witness.  The witness was then shown the shirts, and said the mark was the same as the laundry he delivered to deceased; that the mark had never been in the Union Laundry before, and that the mark corresponds with the laundry books,—with the mark on the laundry books; that he knew the laundry delivered to deceased bore upon it the

mark upon the shirts, and it is the mark upon the laundry books.

The witness Gilbert Manning testified that he was the book-keeper and proprietor of the laundry; that they received a package with the same laundry-mark upon it as that on the shirts, about January 8th. The witness identified the mark upon the shirts as the mark used upon the package of laundry left by deceased, the mark being a capital D and figure 7; that this was the only time such mark was in the Union Laundry.

The witness Frank J. Manning testified that he kept the books of the Union Laundry at the time deceased left the package there; that the package was left January 8th, and consisted of three shirts, five collars, and four pairs of cuffs; that the laundry-mark was "D7," and is the same as on the shirts and cuffs shown witness.

This testimony was sufficient to authorize the admission of the shirts and cuffs in evidence. They were found in a valise in the possession of defendant, with other articles of deceased. One of the cuffs had on it the initials of deceased. The fact that the deceased had taken a package containing shirts and cuffs to the Union Laundry only once; that the shirts were marked, and an entry made in the books; that the entry corresponded with the laundry-mark on the shirts,—was sufficient to authorize the shirts to be admitted in evidence. Whether the evidence was sufficient to prove the fact that deceased owned the shirts, or whether the circumstance was an indication of guilt, were questions for the jury to pass upon, under proper instruction from the court. We must presume that the court properly instructed the jury, as no objection is made to the instructions.

It is provided in section 1954 of the Code of Civil Procedure: "Whenever an object, cognizable by the senses, has such a relation to the fact in dispute as to afford reasonable grounds of belief respecting it, or to make an item in the sum of the evidence, such object may be exhibited to the jury, or its existence, situation, or character may be proved by witnesses. The admission of such evidence must be regulated by the sound discretion of the court."

Under the above section the shirts and cuffs were properly allowed in evidence, after the preliminary proof herein recited. The court did not abuse its discretion in admitting them. The

objection was rather to the weight of the evidence, than to its admissibility, and even if somewhat remote, the court did not err in admitting it. It was a circumstance, and the fact that the shirts and cuffs were found in the valise, in the possession of defendant, with other articles, the property of deceased, is an incident traceable directly to the accused. (*People* v. *Martin*, 102 Cal. 568.)

The witness Frank Manning was properly permitted to refresh his memory by the entries made in the laundry book by himself. They were made at the time the laundry was received by the witness, in his own handwriting, and the fact that some one else counted the shirts or pieces and gave witness the number can make no difference. The counting was done in the presence and hearing of the witness. But aside from this, there is no controversy about the number of pieces, but as to the identity of the laundry-mark with that on the shirts. The witness did not receive the laundry-mark by hearsay.

The judgment and order should be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.