### Joe Lovell v. The State.

#### No. 3137. Decided March 22, 1905.

#### Theft—False Pretext Constitutes Theft Whether Legal or Illegal.

Where in a prosecution for theft under article 861, Penal Code, the evidence was that defendant had by false pretext secured from the prosecuting witness the sum of $85—with which sum he promised prosecutor he would bribe the county attorney to induce him not to prosecute witness, when in fact defendant knew that no such prosecution was pending or contemplated, and he never attempted to bribe the county attorney, but appropriated the money so obtained to his own use and benefit. Held that the said statute is broad enough to cover such prosecution and that any false pretext although in itself illegal if true, comes within its scope.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Hancock* and *Tom Whipple,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Mark Smith* and *W. H. Frears,* for the State.—In addition to the authorities cited in the opinion of the court: 1 Bishop Criminal Law, section 256; 257; id., volume 2, section 469; 3 Wharton on Criminal Law, section 1151; Young v. Rex, 3d Term, Rep., 98.

BROOKS, Judge.—Appellant was convicted of theft over the value of $50, and his punishment assessed at two years confinement in the penitentiary. The indictment follows the approved stereotyped forms and precedents. The proof shows, in substance, without quoting in detail, that appellant went to John Copeland, and represented to him that he had made arrangements with the County Attorney of Ellis County, by and under which agreement the county attorney had agreed to dismiss a prosecution of some character against Copeland then pending in one of the courts of Ellis County. It seems appellant represented in that connection to Copeland, that he (Copeland) was accused in the neighborhood of debauching a young lady, and she had gone to the county attorney with the view of instituting prosecution, and that appellant had secured the agreement from the county attorney that he would dismiss the prosecution for the sum of $80. In order to pay the county attorney for this service Copeland turned over to appellant $80 in money, and $5 additional, to pay appellant's expenses to the town of Waxahachie. The evidence conclusively shows that the county attorney had no knowledge or consent of any agreement or statement made by appellant to Copeland; and further, appellant admitted he had never had any such talk with the county attorney, nor had he contemplated having such conversation; but that he made said false representations to Copeland solely with the view of getting possession of his money. Among other things, the jury were instructed, that if the taking, although originally lawful was obtained by false pretext, or with the intent to deprive the owner of the value thereof, and to appropriate the property taken to the use and benefit of the person taking, and the same is so appropriated the offense of theft is complete. The learned trial court, predicated this charge upon that clause of article 861, Penal Code, which provides: "But if the taking, though originally lawful was obtained by any false pretext or with intent to deprive the owner of the value thereof, etc., the offense of theft is complete." The question presented then is, whether the foregoing facts make out a theft under the provisions of said article. We hold that they do not. Mr. Bishop in his work on Statutory Crimes, section 133, lays down the proposition, "However unqualified the enactments against cheating by false pretenses may be in their terms, numerous limitations drawn from the reasons of the common law as well as from considerations of their objects and purposes, encumber their practical application." And again Mr. Bishop (Criminal Law, section 468) says "Another doctrine sustained in New York is, that where if the false pretenses were true, the person parting with his goods would be guilty of a crime, or where he actually commits an offense in parting with them, the indictment for the cheat cannot be maintained." And see also section 432. And see Wharton Criminal Law, section 1151. In McCord v. People, 46 New York, 470, appellant being an officer stated that he had a warrant issued from one of the police justices of New York, charging prosecutor, Chas. C. Miller, with a criminal offense and

for his arrest; and prosecutor, in order to secure his release from said arrest, offered and delivered to appellant a gold watch and a diamond ring. The evidence showed that appellant had no warrant for prosecutor. He was thereupon prosecuted for swindling and obtaining said money by false and fraudulent pretenses. In passing upon the question, the court uses this language: "The prosecutor parted with his property as an inducement to a supposed official to violate the law and his duties, and if in attempting to do this he has been defrauded the law will not punish his confederate, although such confederate may have been instrumental in inducing the commission of the offense. Neither the law nor public policy designs the protection of rogues in their dealings with each other or to enforce fair dealing and truthfulness as between each other in their dishonest practices. The design of the law is to protect those who for some honest purpose are induced, upon false and fraudulent representations, to give credit or part with their property to another, and to protect those who for unworthy or illegal purposes part with their goods." Citing State v. Crowley, 41 Wis., 271.

Reverting to the facts above, we find that Copeland paid money to appellant, for the purpose of bribing an officer. Can he be heard to say in any court that he relied upon such promise? The law will not permit him to rely upon an illegal promise. Before a pretext or false representation can be the basis of a prosecution, it must be such a pretext that, if true, would at least be lawful. If it is not lawful, then no citizen has a right to rely upon the false pretext. Having no right to rely upon it, it cannot, in contemplation of law, be a false pretext. Hence, appellant's acts do not come within the purview of this statute. To hold otherwise places the law in an anomalous condition. If, according to the terms of the staute, appellant has obtained through false pretexts, the money of prosecutor in the first instance, and appellant is solvent, prosecutor could sue appellant in the courts and recover the money: but having entered into an illegal conspiracy with him for the purpose as alleged, of bribing an officer, no court would give him a judgment for money obtained from him for such illegal purposes. Hence, it would be anomalous to hold that the prosecution against appellant could be maintained, and yet a civil suit could not be successfully prosecuted. It may be that appellant is guilty of conspiracy to bribe an officer, or some other offense; but, under the terms of the statute, and the spirit, object and purpose of it, being to suppress and not to perpetuate or assist in the perpetuation of crime, we hold appellant is not subject to prosecution under this statute.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.

ON REHEARING.

March 22, 1905.

BROOKS, Judge.—The judgment was reversed at a previous day of this term, and is now before us upon motion filed by the Assistant Attorney-General, and in which motion the county attorney joins, asking for a rehearing. In the brief filed in connection with said motion, they have collated the following authorities: Cummins v. People, 25 Amer. St. Rep., 291; People v. Martin, 36 Pac. Rep., 952; Cunningham v. State, 38 At., 847; 12 Amer. & Eng. Ency. of Law, 856; Com. v. Morrill, 8 Cush., 571; Gilmore v. People, 87 Ills. App., 128. In re Cummins, supra, after citing McCord v. People, 46 N. Y., 470,—the case relied upon by the court in the original opinion,—quotes from Mr. Bishop, wherein said author uses the following language: "Another doctrine, sustained in New York is, that where, if the false pretenses were true, the person parting with his goods would be guilty of a crime therein, or where he actually commits an offense in parting with them, the indictment for the cheat cannot be maintained. On the other hand, the Massachusetts court appears to have directly discarded this doctrine. The point decided was, that a defendant cannot set up, in answer to an indictment of this nature, any wrongful representation of the person injured concerning the goods charged to have been obtained through the false pretense. 'Supposing' said Dewey, J., 'it should appear that (the individual defrauded) had also violated the statute, that would not justify the defendants. If the other party had also subjected himself to a prosecution for a like offense, he also may be punished. This would be much better than that both should escape punishment because each deserved it equally.' And this view accords with the general spirit of the criminal law, wherein the fault of one man is not received in excuse for that of another; while the New York doctrine would introduce a well known principle of civil jurisdiction into a system of laws to which it is alien." Then the court concludes this opinion with the following language: "In our opinion the conclusion reached by Mr. Bishop is supported by the better reasons. The primary object of punishment is the suppression of crime; and where both the prosecutor and defendant have violated the law, it is better that both be punished than that the crime of one should be used to shield the other. When the plaintiff in a civil action is shown to have been guilty of a wrong in the particular matter about which he complains, he cannot ordinarily recover. But there is little chance to apply this rule to criminal prosecutions conducted by the State, the person defrauded being, at most, a prosecuting witness in the case, and not a party to the proceeding. The language of our statute is plain. The false pretenses charged in this case are embraced within its express terms, and we are not in favor of sanctioning a rule that will permit offenders to escape by showing that another should also be punished."

In Com. v. Henry, 22 Pa. St., 263, Woodward, J., delivering the opinion of the court, approved the principle laid down in the last cited case, and used the language of Lord Kenyon in the case therein cited, to wit: "But when the criminal law happens to be auxiliary to the law of morality I do not feel any inclination to explain it away. Now this offense is within the words of the act, for the defendants have by false pretenses fraudulently contrived to obtain money from the prosecutor, and I see no reason why it should not be held to be within the meaning of the statute." Com. v. Henry was a case wherein defendant had obtained money from prosecuting witness by falsely representating he had a warrant for the arrest of the prosecutor's daughter, and under said false pretenses secured $100. The court concludes that said statement form a proper basis for the conviction of obtaining money under false pretenses.

In the case of the People v. Martin, 102 Cal., 558, a state of facts similar to those just discussed, arose. The court held: "The offense of obtaining money or other personal property by false and fraudulent pretenses is committed against the public, and not against the individual, and there is no principle of law that will bar the State from prosecuting a criminal because some other person is a particeps criminis; and an information charging that the false pretenses consisted of representations to the person defrauded by the defendant, that a judgment in a large sum of money had been obtained against her in another State, and that, believing such statements, she was induced to, and did transfer her property to the defendant in order to avoid the application of her property to the satisfaction of such judgment, states a public offense, which is not affected or barred by the intention of the party defrauded."

All the authorities cited by counsel for State support their contention. After a careful review of the same, in the light of the original opinion, we believe they announce the correct rule of law in reference to this transaction.

Reverting to the statute iteslf, article 861, Penal Code, under which this prosecution was instituted, we find it is very broad; and does not state that the pretense must be a legal pretense, if true, but merely requires that if the taking, though originally lawful, was obtained by any false pretext, etc., the party would be guilty of theft. So we hold that the statute itself is broad enough to cover the prosecution here involved. We are not at liberty to interpolate any words into the statute. An illegal false pretense would nevertheless be a false pretense. The statute says, "any false pretext," and an illegal pretext might be a false pretext. Accordingly we hold that the statute covers the prosecution; and that the original opinion herein is wrong. We have heretofore held that money obtained by false pretext in a game of cards was a violation of law. Connor v. State, 8 Texas Ct. Rep., 574. And the same principle seems to be announced in Gray and

Ross v. State, 32 Texas Crim. Rep., 598. The motion for rehearing is accordingly granted, and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.