### HICKS *v.* STATE.

### Opinion delivered September 29, 1919.

1. FALSE PRETENSE—SALE OF COLORED WATER FOR WHISKEY.—A conviction for obtaining money under false pretenses will be sustained, where defendant sold to the prosecuting witness for $21 four quart bottles which he said contained whiskey, but which in fact contained colored water.

2. CRIMINAL LAW—THEORY OF PROSECUTION—PREVENTION OF CRIME AND PROTECTION OF PUBLIC.—Criminal prosecutions are not for the protection and benefit of the particular person injured; they are to prevent crime and to protect the public.

3. FALSE PRETENSES—GIST OF THE ACTION.—The gist of the offense of obtaining money or other property of value by false pretense is fraud or deception perpetrated upon another to his injury.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*Edwin Hiner* and *John B. Hiner*, for appellant.

1. The court erred in excluding the testimony of L. F. Fairchild as to what Goldsworthy, an absent witness, testified in examining trial. Kirby's Digest, § 2148; 76 Ark. 515; 33 *Id.* 539; 60 *Id.* 400; 95 *Id.* 172.

2. The court erred in refusing the instructions asked by defendant. No public offense was charged or

proven. The prosecuting witness parted with his money in an effort to get appellant to violate the law by selling liquor, or parted with his money in bad faith. The Legislature has declared liquor to have no value. Having no value, a person can not be convicted for larceny of it or obtaining money for it under false pretense.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There was no abuse of discretion by the court in excluding Fitpatrick's testimony as to what Goldsworthy testified to in the examining trial, as no proper foundation was laid nor due diligence shown. 33 Ark. 549; 58 *Id.* 353.

2. A purchaser of whiskey is not an accessory. 129 Ark. 106. A crime was charged and proved. 11 R. C. L., § 37. See also 72 Ark. 516; 75 *Id.* 427; 109 *Id.* 346; 61 *Id.* 157-180.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Fort Smith District of Sebastian County for obtaining $21 in money from Lem Drake under the false pretense that he had delivered him four quart bottles filled with whiskey, when, in truth, the bottles contained colored water. From the judgment of conviction, an appeal has been duly prosecuted to this court.

The evidence on the part of the State showed that on Saturday night, April 12, 1919, Lem Drake was in Sid Collier's store in Fort Smith; that appellant offered to sell and Lem Drake agreed to buy four quarts of whiskey from him for $21; that appellant, pursuant to the agreement, placed four quart bottles, in paper sacks in Drake's buggy, representing that they contained good whiskey—Bond, Lillard and Crow—for which Drake paid him $21; that the bottles contained colored water instead of whiskey.

Appellant attacked the indictment and judgment of conviction in the court below on the ground that no public offense was charged or proved. A reversal and dismissal is now contended for upon the same ground. It

is insisted that because the prosecuting witness parted with his money in an effort to get appellant to violate the law by selling liquor, or, in other words, parted with his money in bad faith, that the law will not heed his complaint. The inherent error in this contention is the assumption that criminal prosecutions are for the protection and benefit of the particular person injured. Such is not the case. The true purpose is to prevent crime and protect the public; hence prosecutions for crime proceed in the name of the State, and not in the name of the individual injured. In the case of *Lawson* v. *State,* 120 Ark. 337, the rule is laid down that "It is no answer to say that the accused should not be bound because the prosecuting witness was also guilty of an offense in the same transaction." The rule is sound and well sustained by authority. *Perkins* v. *State,* 67 Ind. 270, 23 Am. Rep. 89; *Commonwealth* v. *Henry,* 22 Pa. 253; *Commonwealth* v. *O'Brian* (Mass.), 52 N. E. 72; *Horton* v. *State* (Ohio), 39 L. R. A. (N. S.) 423; case note to 17 L. R. A. (N. S.) 276; R. C. L., vol. 11, section 37 (False pretense).

Again, it is insisted that, because liquor is contraband and without monetary value, a false representation concerning it can not be made the basis of a prosecution for obtaining something of value through a false representation. The error of this contention lies in the assumption that the essence of the offense is the value of the thing misrepresented. Not so. The gist of the offense for obtaining money or other property of value by false pretense is fraud or deception perpetrated upon another to his injury.

No error appearing, the judgment is affirmed.