## STATE v. FRANKLIN T. WOLF.[1]

October 22, 1926.

No. 25,615.

**Information sufficient.**

1. In an information charging an attempt to commit larceny by false representations, the averment that the representations were made is a sufficient charge of the overt act which is necessary to the commission of the crime.

**Cited statute applies to all transactions whether their purpose is lawful or criminal.**

2. The statute (subd. 1 of sec. 10358, G. S. 1923), is general in terms. It applies as well to false representations in a transaction which has for its purpose an unlawful or even criminal result as those made in one, the subject matter and purpose of which are both lawful. Therefore, the making of such representations is not deprived of criminal character by reason alone of the fact that the intended victim was at the time engaged in a related criminal transaction.

Larceny, 36 C. J. p. 807 n. 61 New; p. 848 n. 86.

Defendant's demurrer to the information filed in the district court for Hennepin county charging him with attempting to commit grand larceny in the first degree was overruled, Nordbye, J., and the question: "Do the facts stated in the information constitute a public offense?" certified. Affirmed.

*Clifford L. Hilton,* Attorney General, *Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for the state.

STONE, J.

This case is here by certification. The single question is whether the information against defendant accusing him "of the crime of an

[1]Reported in 210 N. W. 589.

attempt to commit the crime of grand larceny in the first degree" states facts constituting a public offense.

The substance of the accusation is that defendant, intending thereby feloniously to procure and appropriate to his own use $1,800 of the money of his victim, one Luzaich, falsely represented to the latter that he, defendant, had such standing and influence with Walter F. Rhinow, Federal Prohibition Administrator, that he could cause the said Rhinow to suppress certain evidence in his possession showing that Luzaich had committed an offense against the prohibition laws and prevent a prosecution thereon.

1. One ground of attack on the information is that it does not charge any overt act. The point has no merit. Defendant is accused by the information of having made the representations in question. The making of them is such an outstanding overt act that no further comment is necessary.

2. The main argument for defendant is that inasmuch as his alleged victim, Luzaich, if the information be true, must have been as much of a criminal as defendant, it was no crime to attempt to swindle Luzaich. Even though we assume the premise, the conclusion does not follow.

We are not dealing now with the law of contract, which prevents the enforcement of any assumptual obligation referable to an agreement, otherwise contractual in nature but which is no contract because of the unlawful nature of its subject matter. In such a case there is of course no legal obligation. We are dealing rather with a mandate of statutory law and an alleged violation thereof which if committed was a crime. It is certainly competent for a statute to make it a crime to attempt by false representations to procure the money or other property of another. And if the legislature by such an act does not limit its application to transactions which but for the false representations would be lawful, it is not for the courts to impose such a limitation and thereby in effect introduce a judicial amendment of statutory law. This is such a case. There is no limitation of the kind just supposed in the statute, subdivision 1 of section 10358, G. S. 1923. It applies by general terms as well

to false representations in a transaction which has for its purpose an unlawful or even criminal result as to those made in one, the subject matter and purpose of which are both lawful. It contains nothing to immunize a swindler because alone of the fact that the intended victim is at the moment also a criminal.

While the authorities are not uniform the greater weight seems to be with the view just expressed. See Lawson v. State, 120 Ark. 337, 179 S. W. 818; Hicks v. State, 140 Ark. 37, 215 S. W. 685; Perkins v. State, 67 Ind. 270, 33 Am. Rep. 89; Lovell v. State, 48 Tex. Cr. 85, 86 S. W. 758, 13 Ann. Cas. 561; People v. Watson, 75 Mich. 582, 42 N. W. 1005; Commonwealth v. O'Brien, 172 Mass. 248, 52 N. E. 77. The contrary view is taken in McCord v. People, 46 N. Y. 470, and State v. Crowley, 41 Wis. 271, 22 Am. Rep. 719. They go upon the ground that the defendant's victim, being as evilly disposed as defendant himself and really particeps criminis, could not be within the protection of the law. The idea was that such statutes are not "designed to protect any but innocent persons, nor those who appear to have been in any degree *particeps criminis* with the defendant." People v. Stetson, 4 Barb. 151. Aside from its indefensible restriction of a plain mandate of the legislature to a narrow and artificial design created for it, not by the lawmakers who framed it but by the judges who later expounded it, that argument has an equally questionable premise. It is that the primary and controlling purpose of criminal laws is to protect individuals, whereas the fact is that they are primarily for the protection of society. The interests of individuals are secondary and in no wise controlling. So it is for the legislature to say whether it is a crime for one rogue to swindle another. And until the lawmakers expressly except from the statute against false pretenses those aimed at men who at the time are as criminally active as the swindler himself, there is no power in the courts to create such exception. For such reasons the dissent of Mr. Justice Peckham in McCord v. People, supra, seemingly has been followed by more agreement than the majority opinion.

The question certified is answered in the affirmative. The information does allege facts constituting a crime such as charged.