## SCHMIDT *v.* BANK OF COMMERCE.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 281. Argued March 19, 1914.—Decided May 25, 1914.

This court accepts the rulings of the territorial courts on local questions of pleading and practice. *Santa Fe Ry. Co.* v. *Friday*, 232 U. S. 694.

Where some of the signatures of defendant makers had been obtained by means of fraudulent representations by the plaintiff holder of the paper, the whole transaction is vitiated even as to those makers

who were liable on former existing paper of which that in suit was a renewal.

Where a renewal note constitutes a new promise with distinct legal consequences, it cannot be enforced if fraudulently induced, even if there were no defense to the older note in renewal of which it is given.

Under the Negotiable Instrument Act of 1907 of New Mexico, the title of a person negotiating commercial paper is defective if any signature thereto has been obtained by fraud, and if any one person is relieved from liability by proof of fraudulent inducement, all other persons who signed the paper are likewise relieved although they did not participate in and were ignorant of such fraud.

Where the court, on plaintiffs' motion, has denied the right of defendants to show that the note sued on was void as to them because of subsequent alteration by addition of signatures of other co-makers, the plaintiff cannot defeat defendants' defense of fraud in obtaining the later signatures on the ground that the notes were completed instruments and binding upon the makers before the others had signed.

16 New Mex. 414, reversed.

THE facts, which involve the effect of fraudulent inducement to make commercial paper and the rights of co-makers to be relieved of liability in such case, are stated in the opinion.

*Mr. Francis E. Wood,* with whom *Mr. O. N. Marron* was on the brief, for plaintiffs in error.

*Mr. Harry M. Dougherty,* with whom *Mr. James G. Fitch* was on the brief, for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This suit was brought by the Bank of Commerce in the District Court for Socorro County in the Territory of New Mexico to recover upon two promissory notes. The plaintiff bank was the payee and the defendants Broyles, Schmidt & Story, Crossman, Brown, Pratt (alias Anderson), Lewis and Evans, were the makers. Broyles de-

faulted; the other defendants answered, alleging in substance that they had signed the notes for Broyles' accommodation and had been induced to sign by the fraudulent representations of the bank. Upon the trial, the motion of the plaintiff for a direction of. a verdict was granted as against all the defendants except Lewis, and as to him the plaintiff was permitted to take a non-suit. The judgment on the verdict was affirmed by the Supreme Court of the Territory. 16 New Mex. 414.

Several questions of pleading and practice are presented, but in view of their local character we accept, as to these, the rulings of the territorial court. *Phœnix Rwy. Co.* v. *Landis,* 231 U. S. 578; *Work* v. *United Globe Mines,* 231 U. S. 595; *Santa Fe Rwy. Co.* v. *Friday,* 232 U. S. 694. We shall therefore assume that the complaint was sufficient; and that the defenses of alteration, the unauthorized filling of blanks, and the failure to credit certain payments, were not available because not suitably pleaded. The Supreme Court of the Territory also held that although both parties had requested peremptory instructions, the defendants were entitled, upon the denial of their motion, to ask that the case be submitted to the jury and that this request was properly made. See *Empire State Company* v. *Atchison Company,* 210 U. S. 1.

The question before us then is whether, in view of the state of the evidence upon the defense that the notes were procured by fraud, the trial court erred in directing a verdict for the plaintiff. It is apparent that there was evidence sufficient to go to the jury that the signatures of some of the defendants had been obtained by means of fraudulent representations. Upon this point, the Supreme Court of the Territory said, p. 423: "The defense, as we have seen, was principally that the signing of the notes was procured by fraud. There was undoubtedly evidence that the defendants Anderson" (impleaded as Pratt), "Evans, Brown and Lewis were told by plaintiff's repre-

sentative prior to signing the notes that Broyles was solvent and were further told that plaintiff had ample collateral for the notes, and there was also evidence from which the jury might have concluded that the defendants signed the notes in reliance upon these representations. We find also upon the record room for a conclusion by the jury that these statements were untrue and that they were known when made to be untrue. Indeed the trial court recognized this, for as to Lewis, in whose favor the testimony on this point was no stronger than on behalf of Anderson, Evans and Brown, the court held that the matter was one for the jury." Notwithstanding this estimate of the evidence, the court sustained the recovery against the last named defendants holding that as they were liable upon former notes for the same amount, which were renewed by the notes in suit, the defense was not available. It was said that, even assuming the notes in suit to have been given 'as the result of a wilful misrepresentation,' the defendants being bound by the former notes were 'held to no greater duty than previously rested upon them' and hence could not defend upon the ground that they were induced to sign the notes by fraudulent representations.

We are unable to agree with this conclusion. The question was not one of a recovery of damages in deceit. *Ming* v. *Woolfolk,* 116 U. S. 599, 602, 603. If there was fraud, it vitiated the transaction and the plaintiff could not avail itself of its own wrong by enforcing the notes. The fact that the three defendants, Anderson, Evans and Brown, were liable on the former notes did not place them under any legal obligation whatever to make the notes in suit. It appeared that the former notes were signed by Broyles, Anderson, Evans and Brown; the last three being in effect sureties for Broyles; and as the court states, 'upon the giving of the present notes, these former notes were surrendered by plaintiff bank and destroyed.' On the new notes Lewis, Schmidt & Story and Crossman were addi-

tional makers and in effect new co-sureties. Not only was there new paper but the legal position of Anderson, Evans and Brown was materially changed. Broyles was discharged from liability on the old notes and, with respect to the new, there were six (treating the firm of Schmidt & Story as one) in the position of co-sureties instead of three. No one of the three defendants in question who were parties to the original paper could pay it and hold the other two to their original measure of contribution. The new notes constituted new promises with distinct legal consequences. It is clear that the plaintiff could not enforce them if they were fraudulently induced.

There was no evidence of fraudulent representations to the defendants Schmidt & Story and Crossman, but they contend that they are not bound if their co-makers were relieved from liability by reason of the plaintiff's fraud. Reference is made to § 55 of the Negotiable Instruments Act, Laws of 1907 (New Mexico), c. 83, which provides: "The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress or force, and fear, or other unlawful means, or for an illegal consideration, .or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." It has been held by the Supreme Court of Wisconsin, in construing the same language in the Wisconsin act, that if one of the signatures of several co-makers is obtained by fraud, the defense is also available to the other makers since the equality of burden is disturbed. *Hodge* v. *Smith*, 130 Wisconsin, 326; *Aukland* v. *Arnold*, 131 Wisconsin, 64, 66, 67. In the case last cited the court said, referring to *Hodge* v. *Smith, supra:* "It was there held that the title of a person who negotiates commercial paper is defective when he has obtained any signature thereto by fraud, and that if the party so defrauded be relieved from liability thereon, then such fraud makes such paper void-

able by all the other persons who signed it, though they did not participate in and were ignorant of such fraudulent conduct at the time they signed it. This conclusion was reached upon the ground that, when several persons assume such an obligation, it is material and important that all who join as makers should share equally in bearing the burden of its payment, and if, through the fraud of the person holding it, such equality of burden is disturbed and the burden increased as to some of the persons signing it, such fraud renders the title defective as to all of the persons who signed it." While this construction of the statute was apparently accepted, it was held that the defense was not open to Schmidt & Story and Crossman for the reason that they signed the notes several days before the signatures of the other defendants upon whom the fraud was practiced were obtained and that there was no evidence in the record 'as to whether the defendants Schmidt, Story and Crossman or any of them had any knowledge that there were to be any other signers than themselves.' Accordingly, it was said that so far as the record showed the notes were 'complete and binding obligations' upon these defendants at the time they executed the same and that fraud in obtaining the signatures of the subsequent co-signers would not affect the equality of the burden they had assumed.

This, as it seems to us, is not an adequate answer to the defendants' contention. It is true that these defendants have endeavored to maintain that the notes were altered by the addition of the other signatures, relying upon Negotiable Instruments Law, § 125. See Daniel, Negot. Inst., § 1387. But the Supreme Court of the Territory ruled that under the pleadings this defense was not available and could not be considered. The plaintiff could not maintain this position and at the same time defeat the defense of fraud upon the ground that the notes were complete instruments, and as such had become the binding

obligations of these defendants, before the others signed. Taking the notes as they stood upon the pleadings and proof, we think that these defendants (Schmidt & Story and Crossman) must be regarded as co-makers with the other defendants, to whom the representations are said to have been made, and it follows that if any of the signatures of these co-makers were obtained by fraud the equality of burden was altered. The plaintiff's fraud, assuming it to have been committed, changed the legal effect of the promise of these defendants. For these reasons we think that they were entitled to have the evidence as to fraudulent representation submitted to the jury and that the direction of the verdict in favor of the plaintiff was error.

> *The judgment is reversed and the case is remanded to the Supreme Court of the State of New Mexico for further proceedings not inconsistent with this opinion. It is so ordered.*