665 P.2d 1166

STATE of New Mexico,
Plaintiff-Appellant,

v.

Lee GRIFFIN, Defendant-Appellee.

No. 6020.

Court of Appeals of New Mexico.

June 9, 1983.

Paul Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Barry D. Williams, Robert N. Singer, P.A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

NMSA 1978, § 31–17–1 (Repl.Pamp. 1981), which deals with victim restitution "makes restitution mandatory when a sentence is deferred or suspended; the court has no discretion." *State v. Ennis,* 99 N.M. 117, 654 P.2d 570 (Ct.App.1982), and cases therein cited. In this case, the trial court deferred sentence but refused to require defendant to make restitution. Claiming a disposition contrary to law in a criminal proceeding, the State appeals. *See State v. Davis,* 97 N.M. 745, 643 P.2d 614 (Ct.App.1982), and cases therein cited. We (1) state the background and discuss the meaning of (2) "person"; and (3) "actual damages" as used in the statute.

*Background*

The MFA (Mortgage Finance Authority) was established by the Legislature. NMSA 1978, §§ 58–18–1 through 58–18–27 (Repl. Pamp.1982). It raises funds through the issuance of tax-exempt bonds. These funds are used to provide housing for persons of low income. A person who qualifies under this program borrows the money from a private financial institution. MFA purchases the loan from the financial institution. The borrower makes payments to MFA. MFA uses the payment money to pay off the bonds. In some instances, MFA may accumulate a surplus over the amount needed to make payments on the bonds. The surplus may be used to purchase additional loans. The testimony indicates there was no surplus in this case; that is, there was no money available for relending. We accept the State's characterization that MFA "merely acts as a conduit and does not have control over the funds. * * * [T]hat once the money from the sale of bonds is utilized in the program, they [sic] are no longer available."

The criminal charges arose out of loans in connection with two housing units. As to each loan, defendant was charged with fraud over $20,000.00, securities fraud and conspiracy in the alternative, either to commit fraud or securities fraud. The charges were disposed of by plea bargain. Defendant pled guilty to conspiracy to commit securities fraud in connection with one of the housing units. All other charges were to be dismissed. The plea bargain contained no agreement as to the sentence.

The basis of the guilty plea was that defendant combined with others to purchase a residence in which none of the conspirators intended to live; they misrep-

resented that the person signing the loan application did intend to live in the residence. The misrepresentation qualified the loan for MFA purchase. The conspirators obtained the residence, rented it and then sold it. Defendant's share of the profit, upon sale, was $2,700.00.

The State claims that MFA was a victim of defendant's criminal activity and the trial court erred in failing to require defendant to make restitution to MFA. The State seems to claim that defendant should have been ordered to make restitution: (a) in the amount of the loan on the residence ($38,-950) involved in the charges that were dropped; (b) in the amount of the loan on the residence ($36,500) involved in the plea of guilty to conspiracy; and (c) in the amount of the profit of $2,700.00. We are not concerned with the dollar amount of the claims because no restitution was ordered. The legal issue is whether the trial court was required to order restitution; that depends on the meaning of "person" and "actual damages." Section 31–17–1(A) provides:

As used in this section unless the context otherwise requires:

(1) "victim" means any person who has suffered actual damages as a result of the defendant's criminal activities;

(2) "actual damages" means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish and loss of consortium. Without limitation, actual damages includes damages for wrongful death;

*    *    *    *    *    *

(4) "restitution" means full or partial payment of actual damages to a victim.

### Person

Victim is defined to mean "any person," but what does "person" mean? The parties assert, and we agree, that the applicable definition of "person" is the definition appearing in the Criminal Code, compiled as NMSA 1978, § 30–1–12(E). The victim res-

titution provision was § 2 of Laws 1977, ch. 217. Section 1 of that law amended what is now compiled as NMSA 1978, § 31–20–6 (a part of the Criminal Code) to make victim restitution provisions applicable to deferred and suspended sentence provisions under the Criminal Code.

Section 30–1–12(E) provides: " 'person' means any human being or legal entity, whether incorporated or unincorporated, including the United States, the state of New Mexico or any subdivision thereof[.]"

Section 58–18–4(A) "creates" MFA as "a public body politic and corporate, separate and apart from the state, constituting a governmental instrumentality * * *." Section 58–18–3(Q) defines this instrumentality to be a state agency, as opposed to the state. This results in quibbling; is the state instrumentality of § 58–18–3(Q) a subdivision of the state and, thus, a person under § 30–1–12(E)? The quibble need not be addressed.

Section 30–1–12(E) defines person to include a "legal entity." MFA is a legal entity. *See* § 58–18–24.

### Actual Damages

Although MFA is a "person," it is not a "victim" unless it has suffered "actual damages" as a result of "defendant's criminal activities." This case does not involve the meaning of "criminal activity"; our concern is the meaning of "actual damages."

The term "actual damages" means "compensatory damages." *Alber v. Nolle,* 98 N.M. 100, 645 P.2d 456 (Ct.App.1982). Actual (compensatory) damages occur only when there is an actual loss. *Jemez Properties, Inc. v. Lucero,* 94 N.M. 181, 608 P.2d 157 (App.1979). If there is no actual loss there is no actual damage. *Christman v. Voyer,* 92 N.M. 772, 595 P.2d 410 (Ct.App. 1979). The definition of actual damage in the statute follows this general meaning of actual damage but excludes recovery for certain types of loss.

The State's contentions group under three headings.

■ One heading involves damages which could be recovered in a civil action. The State contends that it could recover damages in a civil action on the basis of defendant's fraud or on the basis of a violation of New Mexico's Securities Act. Certainly it could, but the recovery would depend on the damages suffered. *Industrial Supply Company v. Goen,* 58 N.M. 738, 276 P.2d 509 (1954). There may be fraud without resulting damage. *Bank v. Broyles,* 16 N.M. 414, 120 P. 670 (1911), *rev'd on other grounds,* 234 U.S. 64, 34 S.Ct. 730, 58 L.Ed. 1214 (1914).

A second heading involves restitution as an equitable term. The State asserts that defendant is unjustly enriched by the profit from his illegal activity. The statute is not written in terms of equitable remedies, as a general proposition. Rather, the statute defines "restitution" in terms of actual damage. Defendant may be required to give up the profit from his unlawful activity, but the person that may recover is the person damaged. There is nothing indicating MFA has been damaged by defendant's profit.

A third heading attempts to demonstrate an actual loss. The State asserts that (a) the MFA program is designed to make money available so that persons of low income may obtain housing and this amounts to a trust for the benefit of the people of New Mexico; (b) a person eligible to participate in the program is a beneficiary of this trust; and (c) that beneficiary is harmed because MFA money utilized in connection with the loans in which defendant was involved is no longer available to be utilized on behalf of an eligible person. The State asserts that as a result of defendant's acts "the beneficiaries of this trust were cheated."

Without considering the law of trusts, and assuming, but not deciding, that the enabling legislation established a public trust, who has suffered an actual loss? The statute requires a victim; a victim is one suffering an actual loss. There is nothing beyond the argument that someone may have suffered a loss; this speculation is insufficient to identify a person suffering an actual loss.

All of the State's contentions disregard the requirement of an actual loss. (a) It is not claimed that either of the loans is in default or that there has been a loss in connection with either loan. (b) It is not claimed that defendant's profit has resulted in a loss to MFA. (c) The State claims no more than a hypothetical loss on behalf of a hypothetical trust beneficiary.

■ The showing of actual damage was insufficient to make § 31–17–1 applicable to this case. The trial court's refusal to order defendant to make restitution under § 31–17–1 is affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and HENDLEY, J., concur.