677 P.2d 1068

**STATE of New Mexico, Petitioner,**

v.

**D.A. McCALL, a/k/a D. McCall, Respondent.**

**No. 15144.**

Supreme Court of New Mexico.

Jan. 11, 1984.

Rehearing Denied March 20, 1984.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Marchiondo & Berry, Michael Vigil, Albuquerque, for respondent.

**OPINION**

PAYNE, Justice.

This appeal comes before us on writ of certiorari to the court of appeals. McCall was convicted of three counts of fraud, three counts of securities fraud, three counts of conspiracy to commit fraud, and two counts of solicitation to commit fraud. The court of appeals set aside all of the convictions except for those of conspiracy to commit fraud. We issued a writ of certiorari to consider whether the fraud and securities fraud convictions were properly set aside. We reverse the court of appeals and reinstate the convictions for both fraud and securities fraud.

The relevant facts are summarized in the court of appeals opinion.

The court of appeals reversed the fraud convictions because it held that a victim is an essential element of the crime of fraud; but there was no individual victim. The court reasoned that no lender suffered any loss in any of the three transactions for which McCall was convicted. Therefore, proof of misrepresentations without evidence of damages is not sufficient to convict him of perpetrating a fraud.

■ Although damages are essential to recover on a civil claim for fraud, *Bank of Commerce v. Broyles*, 16 N.M. 414, 120 P. 670 (1911), *rev'd on other grounds*, 234 U.S. 64, 34 S.Ct. 730, 58 L.Ed. 1214 (1914), monetary loss is not a requisite of a criminal conviction. The court of appeals relies on *Annot.*, 53 A.L.R.2d 1215, § 2 (1957), to assert that injury or loss is an essential element of the crime of fraud. And from this proposition, the court extrapolated that absent damages to the financial entities which gave up the money, the convictions cannot stand. However, this Annotation does not state that the crime requires financial losses; to the contrary, it reads in relevant part:

[T]he courts are divided on the question whether an actual financial loss is required to constitute the crime [of obtaining a thing of value under false pretense], and whether, in credit transac-

tions, the adequacy of the security offered, though misrepresented, constitutes a defense.

> * * * [A] majority of courts [have held] * * * that a pecuniary loss by the victim is not an essential element of the crime and that the adequacy of the security offered to obtain a loan or credit, if materially misrepresented, constitutes no defense.

*Id.* at 1215–16 (emphasis added).

■ New Mexico, consistent with the majority of jurisdictions, does not require pecuniary loss by the victim as an element of the crime. The only elements are stated in NMSA 1978, Section 30–16–6 (Cum.Supp. 1983). The statute provides that fraud is the "intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices or representations." *Id.* The plain language of this section provides that the crime occurs with the taking or misappropriation. The relevant issue in evaluating McCall's fraud convictions is whether he acquired the loans by fraudulent conduct, practices, or representations. *State v. Stettheimer,* 94 N.M. 149, 607 P.2d 1167 (Ct.App.1980) (fraudulent obtainment of a loan may be the basis for a criminal fraud conviction); *see also* Survey on New Mexico Law: April 1, 1980-March 1980, 12 N.M. L.Rev. 229, 255.

The court of appeals erred in holding that repayment by the borrowers negated any loss and precluded the fraud conviction. Previous decisions have rejected the defense of repayment. In *State v. Schifani,* 92 N.M. 127, 584 P.2d 174 (Ct.App.), *cert. denied,* 92 N.M. 180, 585 P.2d 324 (1978), the defendant obtained money by fraudulently representing that he would invest it. He argued his statements should be ignored because he repaid the money, and, therefore, his fraud conviction should be set aside. But the court of appeals correctly reasoned that "Defendant's fraud was complete when he got the money from the victims; repayment did not mitigate defendant's offense." *Id.* at 130, 584 P.2d at 177 (citations omitted); *see generally*

*State v. Thoreen,* 91 N.M. 624, 578 P.2d 325 (Ct.App.) (the crime of fraud is complete once the taking occurs), *cert. denied,* 91 N.M. 610, 577 P.2d 1256 (1978).

The policy advanced in *Stettheimer* supports the fraud convictions; that is, due to fraudulent representations, the creditor is forced to assume a greater risk than he would have assumed if the debtor's representations had been true. 94 N.M. 149 at 153, 607 P.2d 1167 at 1171.

In addition, the policy expounded in *People v. Martin,* 102 Cal. 558, 36 P. 952 (1894), supports the fact that the manner of acquisition is dispositive of whether there was a crime; pecuniary loss by a victim is irrelevant. There, the defendant was convicted of obtaining money by false pretenses. He asserted that his victim's conduct was dishonest, therefore the state was barred from prosecuting. But the court held that "The offense is committed against the public, and not against the individual. The guilty party is prosecuted in the interest of the state, and not in the interest of the party defrauded of his property." *Id.* 36 P. at 953; *see also People v. Webb,* 143 Cal.App.2d 402, 300 P.2d 130 (1956) (jury instruction that murder was an offense against the public and not the individual held to be proper).

This policy expressed in *Martin* is especially applicable here. MFA loans are provided by the government to facilitate housing for low income persons. *See State v. Griffin,* 100 N.M. 75, 665 P.2d 1166 (Ct. App.1983). If one person fraudulently obtains money from the fund, an eligible borrower may be precluded from being considered for a loan, due to depleted funds. The crime is against the public both in a real sense as well as theoretically.

The court of appeals also set aside McCall's securities fraud convictions. The court reasoned that because there was insufficient evidence of fraud, there could be no conviction for securities fraud. Because we find that the proof for the fraud convictions was adequate, we also reverse the court of appeals on this issue and reinstate the securities fraud convictions.

In light of our reversal of the court of appeals, point III(B) of its opinion, which deals with the disparity of sentences imposed, is no longer applicable even if correct. We point out that under NMSA 1978, Crim.P. Rule 57.1 (Repl.Pamp.1980), the trial court has authority to modify a defendant's sentence.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.

FEDERICI, C.J., not participating.

SOSA, Senior Justice, not participating.