790 P.2d 523

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Ronald W. MORRIS, Defendant–Appellant.**

**No. 11263.**

Court of Appeals of New Mexico.

March 15, 1990.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals the portion of his judgment and sentence ordering restitution for extortion, commercial burglary, and larceny over $2500. Defendant was sentenced to seven and one-half years incarceration and ordered to pay $3200 in restitution to the victim. He raises three issues: (1) whether he was denied the opportunity to challenge the amount of, and his ability to pay restitution in violation of NMSA 1978, Section 31–17–1 (Repl.Pamp.1987); (2) whether the trial court erred in ordering

restitution because the victim was not a person; and (3) whether the trial court erred in ordering fifty percent of his wages go toward restitution while he is incarcerated. We reverse in part and affirm in part.

■ As to issue three, the state has agreed that the trial court erred in ordering restitution from defendant's wages while incarcerated. *See* § 31–17–1 (restitution contemplated as part of probation or parole). We reverse this portion of the judgment.

■ Regarding issue two, the victim in this case was the Artesia High School Credit Union. Defendant argues pursuant to *State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App.1985), that the trial court lacked statutory authority to order restitution because the victim is not a person. Defendant recognizes this court has previously rejected this contention. *State v. Griffin,* 100 N.M. 75, 665 P.2d 1166 (Ct.App.1983). We decline to reconsider *Griffin* and affirm the award of restitution on this basis.

■ As to issue one, defendant argues he was denied due process of law by the trial court's failure to follow the procedures outlined in Section 31–17–1. *See State v. Lack,* 98 N.M. 500, 650 P.2d 22 (Ct.App.1982). In *Lack,* this court determined that Section 31–17–1 gave defendant the right to notice and an opportunity to prepare a plan of restitution or challenge the accuracy of the amount of restitution or his ability to pay. Although the defendant had not prepared a plan of restitution in *Lack,* this failure to comply with the statute was not error because the presentence report from a previous sentencing hearing gave defendant notice of the specific amounts of restitution as detailed in the report. Also, the defendant in *Lack* had been aware of the exact amount of restitution based on the previous sentencing hearing and had the opportunity to contest the amount. We also note defendant's basic sentence in *Lack* was suspended so that the district court was required to include restitution as a condition of probation. *See* § 31–17–1(B); *State v. Gross,* 98 N.M. 309, 648 P.2d 348 (Ct.App.1982).

In the present case, defendant waived the presentence report and the trial court clearly contemplated the parties would stipulate to the amount of restitution. The state contends defendant knew he would be required to pay the amount stolen as restitution and was on notice of this amount from the affidavit attached to the complaint, which asserted the amount taken was $3200. At the sentencing hearing, however, the state was unwilling to offer a specific amount and the trial court stated it wanted the amount determined as quickly as possible, requesting the parties to stipulate to it. The contemplated stipulation was not completed, and apparently was not even attempted before entry of the judgment and sentence.

The record discloses that the order of judgment, sentence and commitment was not approved by the attorneys representing the parties. Defense counsel contends that he was "never shown the judgment with the proposed restitution amount, or otherwise told how much restitution the ADA was claiming was due." We are not persuaded defendant was required at the sentencing hearing to object to the amount of restitution, to request a hearing to fix the amount as suggested by the state, or that defendant failed to submit a plan of restitution as contemplated by Section 31–17–1(B), when all involved anticipated a stipulation.

Under the facts of this case, defendant was denied due process because he did not receive adequate notice or opportunity to challenge the amount of restitution. *See State v. Lack.* We need not determine whether defendant was denied due process in the failure to provide him an opportunity to challenge his ability to pay the restitution since such a determination would be premature based on the length of defendant's incarceration.

The state also contends defendant should be denied relief because he has an adequate remedy under Section 31–17–1(C) and (F), which permits the trial court to modify the restitution plan at any time and allows defendant to request a hearing on the plan of restitution. Defendant, however, points out that he has a limited time to file his notice of appeal and that a. motion under Subsection (F) would not stay the time to file a notice of appeal. SCRA 1986, 12–201(A) & (D). Moreover, we note the language of the statute refers to the plan of restitution and that there is no plan of restitution in the present case. Defendant was not required to seek a rehearing from the district court prior to filing his appeal.

We reverse and remand to the district court for the deletion of that portion of the sentence requiring defendant to pay restitution from his wages while incarcerated. We reverse and remand for further proceedings giving defendant notice of, and the opportunity to challenge the amount of restitution. We affirm the award of restitution regarding the victim's status as a person.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.