991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William R. KOEHLER, Petitioner-Appellant,
v.
John THOMAS, Respondent-Appellee.
 No. 92-2248.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William Koehler, appearing pro se, appeals from an order of the district court dismissing with prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court, "finding no substantial issue of law for review as set forth in the Magistrate Judge's Proposed Findings and Recommended Disposition which were adopted by this Court," (R.Vol. 1, Tab 27), entered an order denying a certificate of probable cause for appeal. In order to reach the merits, we grant the petition for a certificate of probable cause.
 
 
 3
 Koehler pled guilty in New Mexico state court to one count of fraud over $20,000.00 in violation of N.M.Stat.Ann.1978, § 30-16-6, and was sentenced to a term of ten years imprisonment and ordered to pay restitution of approximately $88,000.00. Koehler subsequently filed a habeas corpus petition in state court alleging that the sentencing judge was personally biased against him. The state district court dismissed the petition.
 
 
 4
 Koehler filed a second habeas corpus petition in state district court alleging that: there was insufficient evidence to support his conviction; he was denied effective assistance of counsel; and prosecutorial misconduct during the grand jury process denied him due process. This petition was summarily dismissed. Koehler's motion to reconsider was also summarily dismissed. Koehler then filed a petition for writ of certiorari which was denied by the New Mexico Supreme Court.
 
 
 5
 Thereafter, Koehler filed the instant federal habeas corpus petition. Within his petition Koehler alleged, as he had previously in his second state court habeas corpus petition, that: there was insufficient evidence to support his conviction; he was denied effective assistance of counsel; and prosecutorial misconduct during the grand jury process denied him due process of law. Respondent-appellee filed an answer requesting that Koehler's petition be denied, arguing that Koehler "fails to state a meritorious constitutional claim cognizable under 28 U.S.C. Section 2254." (R., Vol. 1, Tab 8 at 2.)
 
 
 6
 In his proposed findings and recommended disposition, the Magistrate Judge found that: Koehler's sufficiency of the evidence and prosecutorial misconduct claims are foreclosed by his guilty plea pursuant to United States v. Broce, 488 U.S. 563 (1989); to establish ineffective assistance of counsel a petitioner must demonstrate both professionally unreasonable conduct and prejudice; Koehler's ineffective assistance of counsel claim relies largely on counsel's alleged failure to advise the sentencing court that Koehler had returned as much as $20,000 to his victims; Koehler erroneously assumes that in determining the degree of his fraud the State was required to deduct any amounts returned to the victims; under New Mexico law the crime of fraud is complete when the defendant receives the victim's property and a subsequent repayment is not a defense to a fraud charge; counsel's failure to pursue Koehler's repayment theory was not professionally unreasonable, and could not have prejudiced Koehler.
 
 
 7
 The district court adopted the Magistrate Judge's proposed findings and recommended disposition and dismissed Koehler's petition with prejudice.
 
 
 8
 On appeal, Koehler contends that the district court erred by failing to hold a hearing to determine the veracity of the amount of money missing and in adjudicating the ineffective assistance of counsel, insufficient evidence, and lack of jurisdiction issues without the necessary facts.
 
 
 9
 We have reviewed the entire record. We AFFIRM the district court's order dismissing Koehler's habeas corpus petition substantially for the reasons set forth in the Magistrate Judge's Report and Recommendation, dated September 14, 1992, and the district court's Order, dated November 2, 1992, copies of which are attached hereto.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 12
 WILLIAM KOEHLER, Petitioner,
 
 
 13
 vs.
 
 
 14
 JOHN THOMAS, Warden, Respondent.
 
 CIVIL NO. 91-1201 M/RWM
 
 15
 Sept. 14, 1992.
 
 
 16
 MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
 
 PROPOSED FINDINGS
 
 17
 1. This is a proceeding on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently confined in the New Mexico State Penitentiary at Santa Fe, New Mexico, challenges the constitutionality of a Judgment and Sentence of the Second Judicial District Court of the State of New Mexico.
 
 
 18
 2. This matter is currently before the Court upon Respondent's Motion to Dismiss. In ruling on Respondent's motion, the Court has accepted as true all well-pleaded facts set forth in the Petition and has afforded Petitioner the benefit of any inferences that reasonably can be drawn from the facts set out by Petitioner.
 
 
 19
 3. The Petition presents three grounds for relief: insufficient evidence to support Petitioner's conviction, ineffective assistance of counsel, and prosecutorial misconduct.
 
 
 20
 4. Petitioner's sufficiency of the evidence and prosecutorial misconduct claims are foreclosed by his guilty plea. United States v. Broce, 488 U.S. 563 (1989).
 
 
 21
 5. To establish ineffective assistance of counsel, Petitioner must demonstrate both professionally unreasonable conduct and prejudice. Hill v. Lockhart, 474 U.S. 58 (1985). Petitioner pleaded guilty to one count of fraud over $20,000, NMSA 1978 § 30-16-6. Petitioner's ineffective assistance of counsel claim relies largely on counsel's alleged failure to advise Petitioner that the State lacked evidence establishing that over $20,000 was fraudulently taken. Although Petitioner concedes that the State's investigator testified that he could prove that $26,747.59 was missing, Petitioner alleges that evidence was available to counsel which would have shown that Petitioner returned as much as $14,000 to his victims, resulting in an actual loss of less than $20,000. Memorandum in Support of Traverse to Warden's Motion to Dismiss at 1-3. Petitioner erroneously assumes that in determining the degree of Petitioner's fraud the State was required to deduct any amounts returned to the victims. Under New Mexico law, the crime of fraud is complete when the defendant receives the victim's property, and subsequent repayment is not a defense to a fraud charge. State v. McCall, 101 N.M. 32, 677 P.2d 1068 (1984). Consequently, counsel's failure to pursue Petitioner's repayment theory was not professionally unreasonable, and could not have prejudiced Petitioner.
 
 
 22
 5. The Court also rejects Petitioner's claim to the extent it is based on counsel's alleged failure to advise Petitioner that the State lacked evidence establishing Petitioner's mens rea. Petition at 5. Petitioner has not alleged a single specific circumstance calling into question the reasonableness of counsel's evaluation of the strength of the State's case. While pro se pleadings are to be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), notice pleading is not sufficient in a § 2254 context, Rules Governing § 2254 Proceedings, Rule 4, Advisory Committee Note (habeas petition must state facts pointing to "real possibility of constitutional error"). Petitioner's conclusory assertion that "counsel failed to notify that the State lacked evidence of the mens rea to defraud," Petition at 5, is insufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 RECOMMENDED DISPOSITION
 
 23
 That Respondent's Motion to Dismiss be granted and that the Petition be dismissed with prejudice.
 
 
 24
 /s/Robert W. McCoy
 
 United States Magistrate Judge
 
 25
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 26
 WILLIAM KOEHLER, Petitioner,
 
 
 27
 vs.
 
 
 28
 JOHN THOMAS, Warden, Respondent.
 
 CIVIL NO. 91-1201 LH/RWM
 
 29
 Nov. 2, 1992.
 
 ORDER
 
 30
 THIS MATTER having come before the Court on the proposed findings and recommended disposition of the United States Magistrate Judge, and objections to the proposed findings and recommended disposition having been filed, and the Court having made a de novo determination of those portions of the Magistrate Judge's proposed findings and recommended disposition objected to;
 
 
 31
 IT IS HEREBY ORDERED that the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court;
 
 
 32
 IT IS FURTHER ORDERED that the Petition and this action be, and they hereby are, dismissed with prejudice.
 
 
 33
 /s/C. LeRoy Hansen
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3