660 P.2d 132

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Greg MADDOX, Defendant-Appellant.**

**No. 5915.**

Court of Appeals of New Mexico.

Feb. 15, 1983.

Janet Clow, Acting Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

The defendant, convicted of one count of vehicular homicide, raises a single issue on appeal:

Did the trial court abuse its discretion in refusing defendant's request to have the jury view the accident scene?

Defendant's conviction followed an automobile accident in which a 66-year-old woman was killed. The accident occurred just before sundown on November 21, 1981; the case was tried on July 26, 1982. The collision occurred when an elderly woman, driving in a westerly direction, attempted to turn left at an intersection. She was struck by defendant's car, which was traveling east, in defendant's lane of traffic. The speed limit in defendant's lane was 50 miles per hour; the victim was traveling very slowly across the intersection. Both defendant and the victim were said to have had the lights of their automobiles on at the time of the accident.

An expert witness who reconstructed the accident found no skid marks left by defendant's car immediately before the collision. Based on the amount of damage to the vehicles, he estimated defendant had been traveling between 60 and 75 miles per hour at the time of the accident. He also testified that he was the first police officer at the scene, and when he spoke to defendant at that time defendant's speech was slurred and there was an odor of alcohol on defendant's breath. The blood alcohol test performed on defendant shortly after the accident showed a .16% alcoholic content. An autopsy revealed that the victim was crushed in the accident and could have died for any of five possible reasons.

Defendant said he was traveling between 45 and 50 miles per hour at the time of the accident. An eye-witness saw the victim's automobile traveling slowly across the intersection at the same time she also observed defendant's vehicle about eight blocks away near a Circle K food store, but that defendant's vehicle somehow appeared in the intersection all in one instant.

During the trial defendant asked that the jury be allowed to view the scene of the accident, suggesting that (1) considering the direction in which the victim was traveling, the time of year as well as the time of day in which the accident occurred, that a view of the scene would help the jury infer that the victim was blinded by the sun when she attempted to cross the intersection; and (2) considering the position from which the eye-witness said she saw defendant's car near the Circle K store, the jury could determine whether such an observation was possible. The State objected to defendant's request, arguing that contributory negligence was not a defense available to defendant, and that numerous witnesses had already testified that the sun could have interfered with the victim's vision. Reasoning that enough evidence had been presented so that the jury could depict the scene, the trial court denied defendant's request.

Defendant contends here that a trial court abuses its discretion if it does not allow the jury to view the scene of a crime if such a view has probative value.

The proper standard of review regarding the propriety of the trial court's refusal in a criminal case to grant a jury view has not been specifically addressed in this jurisdiction. *But see, State v. Edmundson,* 26 N.M. 14, 188 P. 1099 (1920). The general rule, in the context of civil litigation, is that a view by the jury is not a matter of right, but that the court's ruling is reviewable for abuse for discretion. *See Embrey v. Galentin,* 76 N.M. 719, 418 P.2d 62 (1966); *Thompson v. Anderman,* 59 N.M. 400, 285 P.2d 507 (1955). The same rule has been applied elsewhere in criminal cases. *See People v. Robinson,* 84 Cal.Rptr. 796, 5 Cal. App.3d 43 (1970).

Considerations expressed by other courts as having some significance in criminal cases, in determining whether the trial court has abused its discretion in denying a jury view, are: (1) the importance of the evidence to be obtained and the circumstances of the case on trial, *People v. Wheeler,* 100 Cal.Rptr. 198, 23 Cal.App.3d 290 (1971), *rev'd on other grounds,* 22 Cal.3d

258, 583 P.2d 748, 148 Cal.Rptr. 890 (1978); (2) whether it is reasonably certain the view will substantially aid the jury in reaching a correct verdict, *State v. Martin,* 107 Ariz. 444, 489 P.2d 254 (1971); (3) whether the jury could visualize the scene or the object to be viewed from the testimony submitted, *State v. Ewing,* 250 Minn. 436, 84 N.W.2d 904 (1957); and (4) whether conditions of the scene since the time of the accident are sufficiently the same at the time of the trial to make a jury view helpful, *see, e.g., State v. Sorrell,* 109 Ariz. 171, 506 P.2d 1065 (1973). These considerations do not differ significantly from the matters which influence granting or denying a jury view in civil litigation. *Compare Embrey, Thompson, supra.*

No abuse of discretion is apparent in the instant case. The jury was entitled to find defendant guilty upon proof that he was intoxicated at the time of the accident. Section 66–8–101, N.M.S.A.1978 (1982 Cum. Supp.); N.M.U.J.I.Crim. 2.60, 2.62, 2.63, N.M.S.A.1978 (1982 Repl.Pamph.). The information that would have been gained from the requested jury view could have added little to defendant's theory that the victim was negligent. That defense has value only if it establishes that the victim's negligence was the sole cause of the accident. N.M.U.J.I.Crim. 2.51, N.M.S.A.1978 (1982 Repl.Pamph.). There was substantial evidence in this case, and an allowable statutory presumption, that defendant was in-

toxicated at the time of the accident. Nothing the jury could have observed at the scene of the accident would have borne upon the results of defendant's blood alcohol test. *People v. Wheeler, supra; State v. Martin, supra.* There was abundant evidence that the accident occurred at dusk, shortly before 5:30 p.m. The inference was available to the jury from the testimony it heard that the victim's vision was impaired by the setting sun. *State v. Ewing, supra.* In addition, the conditions of the accident scene would not have been the same at 5:30 p.m. in July as they were at that time of day in November when the accident occurred. *State v. Gone,* 179 Mont. 271, 587 P.2d 1291 (1978).

Under the facts of this case and the elements to be proved to convict of vehicular homicide, we cannot say that the trial court abused its discretion in denying defendant's request that the jury view the scene of the accident.

The judgment and sentence are affirmed. IT IS SO ORDERED.

LOPEZ and BIVINS, JJ., concur.