819 P.2d 688

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Floyd SERNA, Defendant–Appellant.**

No. 12299.

Court of Appeals of New Mexico.

Aug. 29, 1991.

Certiorari Denied Sept. 11, 1991.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

BIVINS, Judge.

The opinion filed August 1, 1991, is withdrawn and the following substituted therefor.

The grand jury indicted defendant with harboring a felon contrary to NMSA 1978, Section 30–22–4 (Repl. Pamp.1984). After waiving his right to a jury trial, the district court found defendant guilty following a bench trial. Prior to sentencing, the state and defendant entered into a repeat offender plea and disposition agreement under the terms of which defendant was to serve eight years as an habitual offender. In exchange, the state agreed to a suspended sentence on the conviction for harboring a felon. The district court approved the agreement and entered judgment consistent with the agreement. Defendant appeals that judgment.

Defendant raised seven issues in his docketing statement, all of which focused on the trial and conviction for harboring a felon. This court proposed in its first calendar notice to affirm based on a stipulation contained in a plea and disposition agreement which provides as follows:

The defendant also stipulates that the above convictions, including that to which he is pleading guilty pursuant to this agreement, are valid and free from fundamental error and agrees not to contest their validity if Habitual Offender Proceedings should be instituted pursuant to the terms of this agreement. The defendant waives any collateral attack on the validity and effectiveness of each and all of the above felony convictions, including that to which he is pleading guilty pursuant to this agreement.

Following that calendar notice, defendant moved to amend his docketing statement to raise two additional issues: ineffective assistance of counsel in allowing defendant to unknowingly sign the agreement with the waiver provisions; and unknowing and involuntary waiver of right to appeal.

This court allowed defendant to amend and ultimately assigned the case to the general calendar. The parties have fully briefed the issues of ineffective assistance of counsel and involuntary waiver of right to appeal. In addition, the parties have briefed issues raised by defendant challenging the judgment. These issues include: (1) sufficiency of the evidence to support the conviction of harboring a felon; (2) trial court error in denying defendant's motion for a court view of the trailer; (3) trial court error in denying motion for statement of facts; and (4) trial court error in denying defendant's motion for a new trial.

It is immediately apparent that if the waiver provision in the plea and disposition agreement is valid and enforceable, then that provision stands in the way of appellate review of any issues challenging the validity of the conviction. In support of his claim of ineffective assistance of counsel, defendant urges that neither he nor his trial counsel was aware of the inclusion of the above paragraph in the plea and disposition agreement. He also indicates the existence of a letter from an assistant district attorney conceding that such a provision was never discussed during the negoti-

ations. The difficulty with these arguments is, as the state points out, that there is no record supporting any of the contentions; additionally, the state has no way of rebutting the contentions without remand to the district court for an evidentiary hearing. *See State v. Stenz*, 109 N.M. 536, 787 P.2d 455 (Ct.App.1990).

Ordinarily, we might be inclined to remand for such an evidentiary hearing; however, we decline to do so in this case for the following reasons. Based upon the showing made by defendant in this court, it appears likely that defendant would prevail in setting aside that portion of the plea and disposition agreement which attempts to waive his right to appeal. This is based not only on the letter concession and ineffective assistance arguments but also on the fact that the inclusion of the paragraph appears to be an obvious error. The paragraph is a standard part of the form repeat offender plea and disposition agreement, which is used when defendant pleads guilty to the underlying felony, as well as to the habitual enhancement. The paragraph has repeated language about the felony to which defendant is currently pleading guilty. Yet, defendant in this case did not plead guilty to any current felony; he was tried to the court.

Thus, because we propose to affirm on all issues raised by defendant, it would only unnecessarily waste judicial resources to remand this case to the district court so it can again be appealed to this court. *Cf. State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982) (where it appeared defendant would be entitled to a delayed appeal on post-conviction motion, court heard the merits of the case). We now address the issues defendant raises challenging the judgment convicting him.

### 1. *Facts.*

On March 3, 1988, several officers with the Albuquerque Police Department, armed with a felony arrest warrant, went to a trailer they believed to be occupied by Edith Turner. The officers set up a surveillance at approximately 8:00 a.m. At a little after 10:00 a.m., a neighbor approached one of the officers and informed him that the neighbor had seen Turner leave the trailer at about 8:30 a.m., go to her vehicle and then return to the trailer. The officers had not observed this. Officer Offner then proceeded to the trailer, knocked on the door, and announced in a loud voice that police officers were present, had a felony warrant for Turner, and that the occupants should open the door. At that point, dogs were barking loudly. Officer Offner continued to beat on the back of the trailer. No one inside the trailer responded. Officer Offner then left to obtain a search warrant. He returned around noon. Using a night stick, he broke a window next to the front door. He again yelled through the opening that he was a police officer and had a search warrant and ordered the occupants to open the door. At this point, defendant came from the north end of the trailer into the living room and opened the door. After securing defendant, Offner informed him that he had a felony arrest warrant for Turner and asked where she was. Defendant told the officer that Turner was not there. The officer then advised defendant that he was executing a felony arrest warrant for Turner and that it was against the law to harbor or aid a fugitive. The officer again asked if Turner was there and defendant responded "she's not here." Shortly after that, other officers assisting in the arrest found Turner hidden in a linen closet in the trailer.

### 2. *Sufficiency of the Evidence.*

In determining whether evidence supports a criminal charge or an essential element thereof, an appellate court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict of conviction; the appellate court does not weigh evidence and may not substitute its judgment for that of a fact-finder. *See State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978).

Section 30–22–4 provides:

Harboring or aiding a felon consists of any person, not standing in the relation

of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity, who knowingly conceals any offender or gives such offender any other aid, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment.

In a prosecution under this section it shall not be necessary to aver, nor on the trial to prove, that the principal felon has been either arrested, prosecuted or tried.

Whoever commits harboring or aiding a felon is guilty of a fourth degree felony.

■ a. Defendant argues that Edith Turner was not "a felon" within the meaning of the statute. He urges on appeal, as he did below, that at the time of the arrest Turner was not being sought for committing a felony; rather, she was being arrested on a probation violation for a prior felony for which she had been convicted. The district court took judicial notice of Bernalillo County District Court File No. 41,887 entitled *State of New Mexico v. Edith Lee Turner and Floyd Ernest Serna.* In that case, defendant and Turner had previously been convicted of felonies, and Turner had been awarded a three-year suspended sentence and placed on probation for robbery and conspiracy to commit larceny. Defendant did not object to that evidence.

What defendant objects to is that the action which precipitated the felony arrest warrant was not a new felony, but rather probation violations. In this case, those violations included Turner driving while intoxicated, speeding, making an unsafe lane change, and having no proof of insurance. The revocation was also based on use and possession of controlled chemical substances not legally prescribed.

As we understand defendant's argument, he is claiming that the harboring statute does not include a "felon" already convicted. We reject this narrow interpretation. Reading Section 30–22–4 in accordance with its plain meaning, we believe the legislature intended to include felons already convicted but who are wanted for punishment as well as persons who have committed a felony but who have not been arrested, prosecuted, or tried. In *State v. Peppers,* 110 N.M. 393, 796 P.2d 614 (Ct.App. 1990), we construed the failure-to-appear statute to include the period between trial and appeal even though the statute prohibited failing to appear "pending trial or appeal." It takes less construction in this case to read the words of harboring statute to apply to defendant who concealed and assisted Turner, knowing she had committed a felony, with intent that she escape punishment. *Frost v. State,* 527 N.E.2d 228 (Ind.Ct.App.1988), relied on by defendant, does not support a different result. The conviction of aiding and assisting in that case was reversed because the individual harbored by defendant was a child and, under Indiana law, the acts committed by the child were not considered a crime.

■ b. Defendant next argues that merely denying knowledge of Turner's whereabouts cannot constitute the crime of harboring. Defendant relies on *State v. Rogers,* 94 N.M. 527, 612 P.2d 1338 (Ct. App.1980). He points us to language in that case to the effect that if one gives a false statement to the authority but it does not contain factual matters tending to raise a defense for the felon, he has not violated the "harboring or aiding" statute. While this is correct, *State v. Rogers* also holds that if false information is given in order to help a perpetrator elude punishment, that is conduct violative of the type proscribed by the statute. With Turner hiding in the rear of the trailer and defendant denying that she was there, the district judge could have found that defendant's actions were done with the intent that Turner either escape or avoid arrest. Moreover, there was more to defendant's conduct than just his denial of knowledge as to Turner's whereabouts. The police banged, knocked and yelled numerous times in attempts to execute the felony arrest warrant. Turner's own testimony indicates that she heard this noise while she was inside the trailer. The district court could find that defendant likewise was aware of the police efforts to execute the felony warrant and, by failing

to respond and lying low, he was aiding Turner to avoid arrest.

We have examined the other cases cited by defendant and find that they do not support his position.

c. Defendant argues that the state failed to prove he assisted Turner onto the closet shelf. Notwithstanding the lack of direct evidence that defendant assisted Turner onto the shelf, and Turner's testimony that she climbed onto the shelf without assistance, the district court could have found defendant gave assistance. This assistance could take the form of delay by not responding to the officer's knocking, banging and yelling so that Turner would have time to hide. It also could take the form of providing her direct assistance. In any event, this type of assistance was only one of the factors the district court could have considered in finding defendant guilty of harboring.

■ d. Defendant argues that the state failed to prove he delayed the officers' entry into the trailer because they had a valid arrest warrant. We find this argument unpersuasive. The fact that the police did not immediately break into the trailer but instead attempted to peaceably gain entrance avails defendant nothing.

■ e. Defendant argues that the state failed to prove he had knowledge that Turner was a felon. Because defendant was convicted with Turner several years earlier of the prior felony, the district court could find he had knowledge she was a felon. He further claims that the state did not prove that he knew Turner had violated the conditions of probation and was wanted for a probation violation. This argument is overly technical. At the time they were banging and knocking, the officers made known repeatedly that they were executing a felony warrant on Turner. Moreover, there was direct testimony that Officer Offner told defendant the police had a felony warrant when defendant finally opened the door and denied Turner's presence.

3. *Court View of the Trailer.*

■ Defendant claims that the district court erred in denying his motion for a

view of the trailer so that the court could observe a demonstration that Turner could climb onto the shelf without help. Denial of a court view is evaluated for abuse of discretion. *State v. Maddox,* 99 N.M. 490, 660 P.2d 132 (Ct.App.1983). Because the district court had photographs of the closet and heard detailed descriptions, including the testimony of Turner, we hold that there was no abuse of discretion. Moreover, as we have previously pointed out, delaying the entry by the police, coupled with denial of Turner's presence was sufficient to convict, even if the lower court determined defendant did not physically assist Turner onto the closet shelf.

4. *Denial of Statement of Facts.*

■ While admitting that trial counsel did receive a copy of the grand jury indictment and police report and interviewed the state's witnesses, defendant claims district court error in denying his motion for a statement of facts. *See* SCRA 1986, 5–205(C); *Cf. State v. Hernandez,* 104 N.M. 268, 720 P.2d 303 (Ct.App.1986) (purpose of statement of facts fulfilled when defendant is put on notice of crime charged in circumstances through some other method, *e.g.,* affidavits attached to criminal complaint). Notwithstanding the availability of the information noted, defendant claims he was unaware and caught by surprise by testimony that around 10:00 a.m., the officer yelled that he had a felony warrant for Edith Turner.

Since defendant did not make the grand jury tapes a part of the record, we agree with the state that we have no way of knowing whether these tapes contained the allegedly missing information. Therefore, we cannot adequately review defendant's claim. In any event, the information regarding which defendant claims surprise was available through interviews with the officers.

5. *Denial of Motion for New Trial.*

■ Defendant argues this issue under *State v. Franklin,* 78 N.M. 127, 428 P.2d

982 (1967) and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App.1985). His motion for a new trial sought to present the evidence that would impeach Detective Ferner's testimony that defendant had no shirt on when he came to the door of the trailer and to make a legal argument that defendant could not be found guilty of harboring based on his failure to answer the door because the officers already had a warrant. The first argument is not a ground for a new trial. *See State v. Fero*, 107 N.M. 369, 758 P.2d 783 (1988). The last argument we have answered in the earlier portion of this opinion.

6.  *Conclusion.*

Having considered defendant's claims of error and finding them to be without merit, we affirm his conviction and the judgment.

IT IS SO ORDERED.

ALARID, C.J., and MINZNER, J., concur.